# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| AMY CARROLL, RALPH FORD, and ROY S. ADDIS IV on their own behalf and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WORLD MARKETING HOLDINGS, LLC and BLUE STREAK HOLDINGS, INC.,<br><br>Defendants. | CLASS ACTION COMPLAINT AND JURY DEMAND<br><br>Case No.: 17-cv-1309 |

Plaintiffs Amy Carroll, Ralph Ford and Roy S. Addis IV ("Plaintiffs"), by and through their undersigned counsel, on their own behalf and on behalf of all other persons similarly situated against World Marketing Holdings, LLC ("WM Holdings") and Blue Streak Holdings, LLC ("Blue Streak", together with WM Holdings, the "Defendants") allege as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C § 2104 (a)(5).

2. Venue in this Court is proper pursuant to 28 U.S.C § 1391 and 29 U.S.C § 2104 (a)(5).

## NATURE OF THE ACTION

3. This is a civil class action for collection of unpaid wages and benefits for sixty (60) days pursuant to the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 et. seq. (the "WARN Act").

4. Plaintiffs bring this action on behalf of themselves and other similarly situated employees (the "Class" or "Other Similarly Situated Employees") against Defendants pursuant to the WARN Act's single employer rule and by reason of Defendants' violation of the Plaintiffs' rights under the WARN Act. The Plaintiffs and the other class members were employed by World Marketing Dallas, LLC, World Marketing Chicago, LLC, World Marketing Atlanta, LLC. (sometimes referred to herein collectively, as the "Bankrupt Entities" )1, and Defendants as a single employer, and were terminated on or about September 28, 2015 and thereafter, as part of, or as a result of, plant closings at Defendants' facilities located at 7950 West Joliet Road; McCook, Illinois 60525 (the "Illinois facility"), 8801 Autobahn Road, Suite 100; Dallas, Texas 75237 (the "Texas facility") and 1961 S. Cobb Industrial Boulevard, SE; Smyrna, Georgia 30082 (the "Georgia facility" and, collectively with the Illinois facility and the Texas Facility, the "Facilities"). The plant closings at the Facilities were ordered by the Defendants. As such, Defendants are liable under the WARN Act for Defendants' failure to give the Plaintiffs and the other class members at least 60 days' advance notice of termination, as required by the WARN Act. As a consequence, the Plaintiffs and the other Class Members are entitled under the WARN Act to recover from the Defendants their wages and ERISA benefits for 60 days.

**PARTIES**

5. Defendant World Marketing Holdings, LLC is a Wisconsin limited liability company, doing business in Wisconsin, with its principal place of business located at 1301 W. Canal Street, Suite 100, Milwaukee, Wisconsin 53233.

---

1 On September 28, 2015, World Marketing Chicago, LLC, World Marketing Dallas, LLC and World Marketing Atlanta, LLC filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of Illinois

6. Blue Streak is a Wisconsin corporation, doing business in Wisconsin, with its principal place of business located at 1301 West Canal Street, Suite 100, Milwaukee, Wisconsin 53233.

7. Plaintiff Amy Carroll reported to the Illinois facility until her termination on or about September 28, 2015.

8. Plaintiff Ralph Ford reported to the Texas facility until his termination on or about September 28, 2015.

9. Plaintiff Roy S. Addis, IV reported to the Georgia facility until his termination on or about September 28, 2015.

10. The Plaintiffs and other similarly situated persons were employees of Defendants who worked at or reported to the Facilities and were terminated as part of, or as a reasonably foreseeable result of, plant closings ordered and carried out by the Defendants on or about September 28, 2015 and thereafter.

11. The Plaintiffs bring this action on their own behalf and, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and the WARN Act, 29 U.S.C. § 2104(a)(5), on behalf of all other employees of the Defendants who also worked at the Facilities, and who were terminated as part of or as the foreseeable result of plant closings at the Facilities ordered by Defendants on or about September 28, 2015, and thereafter (collectively, "The Class").

14. Defendants, along with the Bankrupt Entities, constituted a "single employer" of each of the Plaintiffs and Class members under the WARN Act in that among other things:

    (a)    At all relevant times, Blue Streak was the sole managing member of WM Holdings;
3

Case 2:17-cv-01309-LA   Filed 09/26/17   Page 3 of 12   Document 1

(b) At all relevant times, WM Holdings owned a 100% of each of the Bankrupt Entities;

(c) Defendants at all times maintained de-facto control over all of the Bankrupt Entities' activities;

(d) At all relevant times, none of the Bankrupt Entities had any independent governing body. Instead, all decisions relating to the Bankrupt Entities were made by Defendants;

(e) At all relevant times, Robert M. Kraft ("Kraft") was the President and sole director of Blue Streak;

(f) At all relevant times, the Bankrupt Entities were owned, operated and controlled by Defendants. For example, at the direction of Defendants, on a weekly or otherwise regular basis, the Bankrupt Entities transferred all or almost all of the funds in their respective operating bank accounts to WM Holdings. These transfers were used by Defendants for operational or other purposes unrelated to the Bankrupt Entities' operations and obligations.

(g) At all relevant times, Defendants exercised complete control over the labor practices governing the Plaintiffs and Class members including the decision to order the plant closings at the Facilities. For example, on November 23, 2015, which was nearly 60 days after Plaintiffs and the Class Members were terminated by Defendants, Kraft, as President of Blue Streak and Manager of WM Holdings signed termination letters (on WM Holdings Letterhead) belatedly informing employees of their terminations. In the letter, Kraft dishonestly blamed the abrupt shutdown of operations at the Facilities on the two things, one of which was a "sudden enforcement action taken by" the Bankrupt Entities' lender. However, the referenced lender was actually WM Holdings' lender, Associated Bank ("Lender"), which had extended a loan to WM Holdings in October 2014 (the "Loan") for approximately $6,000,000. On or about September 10, 2015, the Lender swept the Bankrupt Entities' accounts after Holdings defaulted on the note. Among the events of Default, Defendants had been impermissibly diverting substantial funds to an affiliate of Holdings called First Edge, which was also owned and controlled by Kraft. Even though the Loan had not been made to the Bankrupt Entities and the Bankrupt Entities did not receive the benefit of the WM Holdings' loan, the Lender was able to gut the accounts of the Bankrupt Entities after Defendants caused the default on the WM Holdings loan because Defendants forced the Bankrupt Entities to jointly, severally, absolutely and unconditionally guarantee full payment of the debt of WM Holdings. To further secure WM Holdings' obligations under the Loan, the Bankrupt Entities were forced by

4

Defendants to grant the lender a security interest in all of their assets, further financially crippling them;

(h) Defendants and the Bankrupt Entities shared common personnel policies;

(i) As demonstrated above, Defendants directly or indirectly owned and operated the Facilities of the Bankrupt Entities;

(j) Defendants exercised direct control over the termination of the employment of Plaintiffs and the other Class members without the notice required by the WARN Act for which the Defendants are liable under the single employer provision of the WARN Act.

## **CLASS ACTION ALLEGATIONS 29 U.S.C. § 2104**

15. The Plaintiffs and each person they seek to represent herein, were discharged as part of, or as the reasonably foreseeable result of the plant closings order by the Defendants at the Facilities, on or about September 28, 2015 and thereafter without cause on his or her part and are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

16. The Plaintiffs bring this action on their own behalf and, pursuant to the WARN Act, and Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b) of the Federal Rules of Civil Procedure, on behalf of all other similarly situated former employees of Defendants who were terminated on or about September 28, 2015 and thereafter who worked at the Facilities until their termination without cause.

17. On or about September 28, 2015 and thereafter, Defendants terminated the Plaintiffs' employment as part of plant closings which qualify as events for which they were entitled to receive sixty (60) days' advance written notice under the WARN Act.

18. Defendants, as a single employer, never gave Plaintiffs the statutorily required sixty (60) days advance written notice of plant closings or termination in violation of the WARN Act.

19. At or about the time that the Plaintiffs were discharged, Defendants discharged approximately 410 other employees who worked at or reported to the Facilities (the "Other Similarly Situated Former Employees").

20. Pursuant to WARN Act 29 U.S.C. § 2104(a)(5), the Plaintiffs maintain this claim on behalf of themselves and each of the Other Similarly Situated Former Employees and for his or her benefit.

21. Each of the Other Similarly Situated Former Employees is similarly situated to the Plaintiffs in respect to his or her rights under the WARN Act.

22. The Plaintiffs and the Other Similarly Situated Former Employees were discharged by Defendants, without cause on his or her part.

23. The Plaintiffs and the Other Similarly Situated Former Employees are "affected employees" within the meaning of WARN Act 29 U.S.C. § 2101(a)(5).

24. Defendants were required by the WARN Act to give the Plaintiffs and each of the Other Similarly Situated Former Employees at least sixty (60) days prior written notice of their respective terminations.

25. Prior to their termination, neither the Plaintiffs nor the Other Similarly Situated Former Employees received written notice that complied with the requirements of the WARN Act.

26. Defendants failed to pay the Plaintiffs and the Other Similarly Situated Former Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) calendar days following their respective terminations and failed to make the 401(k) contributions and provide health insurance coverage and other employee benefits under ERISA in respect to them for sixty (60) calendar days from and after the dates of their respective terminations.

## CLASS ACTION ALLEGATIONS RULE 7023 (a) AND (b)

27. The Plaintiffs assert this claim on behalf of themselves and the Other Similarly Situated Former Employees pursuant to Rules 7023 (a) and (b) (3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

28. The Plaintiffs and the Other Similarly Situated Former Employees constitute a class within the meaning of Rules 7023 (a) and (b) (3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure (the "Class").

29. Common questions of law and fact are applicable to all members of the Class.

30. The common questions of law and fact arise from and concern the following facts and actions, among others, that Defendants committed or failed to commit as to all members of the Class: all Class members enjoyed the protection of the WARN Act; all Class members were employees of Defendants who, prior to the terminations, worked at the Facilities; Defendants, as a single employer, terminated the employment of all the members of the Class without cause on their part and without giving them at least sixty (60) days' prior written notice as required by the WARN Act; and Defendants failed to pay the Class members wages and to provide other employee benefits for the sixty (60) day period following their respective terminations.

7

Case 2:17-cv-01309-LA   Filed 09/26/17   Page 7 of 12   Document 1

31. The questions of law and fact common to the members of the Class, as above noted, predominate over any questions affecting only individual members, and thus, this Class claim is superior to other available methods for the fair and efficient adjudication of this controversy.

32. The Plaintiffs claims are typical of the claims of other members of the Class in that for each of the several acts described above the Plaintiffs are or were an injured party.

33. The Plaintiffs will fairly and adequately protect and represent the interests of the Class.

34. The Plaintiffs have the time and resources to prosecute this action and have retained counsel who have extensive experience in matters involving employee rights, the WARN Act, class action litigation and bankruptcy court litigation.

35. The Class is so numerous as to render joinder of all members impracticable as there are approximately 350 persons who are included in the Class.

36. The Class meets the requirements of Fed. R. Civ. P. 23(a) for class certification.

37. The Class meets the requirements of Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

38. Concentrating all the potential litigation concerning the WARN Act rights of the Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the Class members.

39. On information and belief, the identity of the Class members is contained in the books and records of Defendants.

40. On information and belief, a recent residence address of each of the Class members is contained in the books and records of Defendants.

41. On information and belief, the rate of pay and benefits that was being paid by Defendants to each Class member at the time of his/her termination are contained in the books and records of Defendants.

42. As a result of Defendants' violation of the WARN Act, the Plaintiffs and the other members of the Class have been damaged in amounts equal to the sum of: (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, 401(k) contributions for sixty (60) calendar days; (b) the health and medical insurance and other fringe benefits that they would have received or had the benefit of receiving, for a period of sixty (60) calendar days after the dates of their respective terminations; and (c) medical expenses incurred during such period by such persons that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period.

### THE CLAIM FOR RELIEF

43. At all relevant times, the Defendants, as a single employer, employed more than 100 employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

44. At all relevant times, each Defendant was an "employer", as that term is defined in 29 U.S.C. § 2101(a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it determined to order plant closings at the Facilities.

9

45. The Defendants constituted a "single employer" of the Plaintiffs and Class members under the WARN Act.

46. On or about September 28, 2015 the Defendants, as a single employer, ordered "plant closings" at the Facilities, as that term is defined by 29 U.S.C. § 2101(a)(2).

47. The plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty (50) of Defendants' employees as well as 33% of Defendants' workforce who worked at or reported to each of the Facilities, excluding "part-time employees," as that term is defined by the WARN Act. The Plaintiffs and each of the other members of the Class were discharged by the Defendants without cause on his or her part as part of, or as the reasonably foreseeable result of, plant closings ordered by the Defendants at the Facilities.

48. The Plaintiffs and each of the other members of the Class is an "affected employee" of the Defendants within the meaning of 29 U.S.C. §2101(a)(5).

49. The Defendants were required by the WARN Act to give the Plaintiffs and each of the other members of the Class at least 60 days advance written notice of his or her termination.

50. The Defendants failed to give the Plaintiffs and other members of the Class written notice that complied with the requirements of the WARN Act.

51. Each Plaintiff and each of the other members of the Class is an "aggrieved employee" of the Defendants as that term is defined in 29 U.S.C. §2104(a)(7).

52. The Defendants failed to pay the Plaintiffs and each of the other members of the Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and

401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

**WHEREFORE**, Plaintiffs on their own behalf and on behalf of the other Class members demand judgment, jointly and severally, against Defendants as follows:

A.  An amount equal to the sum of all of the Plaintiffs' and Class Members' for 60 days' unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401 (k) contributions and other ERISA benefits, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(A).

B.  Interest as allowed by law on the amounts owed under the preceding paragraphs;

C.  Certification that the Plaintiffs and the other Class members constitute a single class.

D.  Appointment of the undersigned attorneys as Class Counsel;

E.  Appointment of Plaintiffs as the Class Representatives and payment of reasonable compensation to them for their services as such;

F.  Payment of all reasonable attorneys' fees and costs and disbursements that the Plaintiffs incur in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6); and

G.  Such other and further relief as this Court may deem just and proper.

Dated: September 26, 2017

Respectfully submitted,

/s/
THE PREVIANT LAW FIRM, S.C.
Frederick Perillo
State Bar No. 1002870
310 West Wisconsin Avenue, Suite 100 MW

11

Milwaukee, WI 53203
Telephone: (414) 271-4500
Facsimile: (414) 271-6308

-and-

THE GARDNER FIRM, P.C.
Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
210 S. Washington Avenue
Mobile, AL 36602
Telephone: (251) 433-8100
Facsimile: (251) 433-8181

Cooperating Attorneys for the NLG Maurice and Jane Sugar Law Center for Economic and Social Justice

*Attorneys for Plaintiffs and the Putative Class*