# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

AMY CARROLL, RALPH FORD,
and ROY S. ADDIS IV, on their own
behalf and on behalf of all other
persons similarly situated,
          Plaintiffs,

    v.                                                      Case No. 17-C-1309

WORLD MARKETING HOLDINGS, LLC,
and BLUE STREAK HOLDINGS, INC.,
          Defendants.

## DECISION AND ORDER

According to the allegations of the plaintiffs' complaint, on September 28, 2015, defendant World Marketing Holdings, LLC, ordered its subsidiaries to close plants located in McCook, Illinois; Dallas, Texas; and Smyrna, Georgia. When the plants closed, 410 employees—including the three plaintiffs—lost their jobs. Plaintiff Amy Carroll worked at the Illinois plant; plaintiff Ralph Ford worked at the Texas plaint; and plaintiff Roy S. Addis IV worked at the Georgia plant. The plaintiffs allege that the defendants[1] failed to give them 60 days' written notice of their impending terminations, as required by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–09 (the "WARN Act"). The plaintiffs, on behalf of themselves and the other former employees, seek to recover wages and benefits for the 60-day period following the plant closures. The defendants have moved to dismiss the complaint under Federal

---

[1] In addition to World Marketing, LLC, the plaintiffs sue Blue Streak Holdings, Inc., which they allege is World Marketing's managing member.

Rule of Civil Procedure 12(b)(6), arguing that the plaintiffs' claims are barred by the statute of limitations.[2] I consider that motion in this order.

The WARN Act does not contain its own statute of limitations, and because the Act was passed before Congress enacted the general 4-year statute of limitations for federal statutes, 28 U.S.C. § 1658, I must borrow a statute of limitations from state law. *See North Star Steel Co. v. Thomas*, 515 U.S. 29, 33–35 (1995). When borrowing from state law, I must select the "most closely analogous state limitations period." *Graham County Soil & Water Conservation Dist. v. U.S. ex rel. Wilson*, 545 U.S. 409, 414 (2005). The defendants contend that that I should borrow from Wisconsin law, and that the most closely analogous Wisconsin limitations period is the period specified Wis. Stat. § 109.07(4)(d), which is part of Wisconsin's Business Closing and Mass Layoff Law. The defendants further contend that, under this period, the plaintiffs had one year from the date on which the plants closed to commence this action. The complaint in this action was filed on September 26, 2017, but it alleges that the plants closed on September 28, 2015. Thus, argue defendants, this action is time-barred.

The plaintiffs argue that I should not borrow the statute of limitations from Wisconsin law. Instead, they contend, I should borrow from the states in which the plants were located—Illinois, Texas, and Georgia—and apply the relevant state's limitations period to the employees who worked in that state. They further contend that

---

[2] The statute of limitations is an affirmative defense, and ordinarily a court may not dismiss a complaint under Rule 12(b)(6) based on an affirmative defense. *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cor. 2004). However, if the allegations of the complaint set forth all the elements of the affirmative defense, the complaint may be dismissed on that ground. *Id.*

the Wisconsin statute cited by the defendants does not create a one-year limitations period that could be applied to their federal causes of action.

I will begin by assuming that the relevant limitations period should be borrowed from Wisconsin law and examine whether the limitations period in Wis. Stat. § 109.07(4)(d) should be applied here. The Wisconsin business-closing law is undoubtedly analogous to the federal WARN Act. Both statutes require employers to provide advance notice to employees of plant closings or mass layoffs, and they both provide affected employees with remedies in the event that the employer does not provide the required notice. However, the WARN Act and the Wisconsin business-closing law provide for different enforcement mechanisms. Under the WARN Act, an injured employee may bring a claim in federal court as soon as it accrues. *See* 29 U.S.C. § 2104(a). In contrast, the Wisconsin law requires an injured employee to file an administrative claim with the Wisconsin Department of Workforce Development. *See* Wis. Stat. § 109.07(4)(a). The employee must file a claim with the department no later than 300 days after the day on which the business closing or mass layoff occurred. *Id.* Thereafter, the department must investigate the claim on behalf of the employee and attempt to recover payment from the employer. *Id.* If the department does not recover payment from the employer within a specified time (the sooner of 180 days after the claim is filed or 30 days after the department provides a certain notice to the employee), the department must refer the claim to the Wisconsin Department of Justice. *Id.* § 109.07(4)(b). At this point, the Department of Justice may bring a civil action in state court on behalf of the employee to recover the payment. *Id.* But if the Department of Justice does not bring such a civil action within 120 days after the claim is referred to it,

the employee may bring his or her own civil action for recovery of the payment (along with costs and attorneys' fees) in state court. *Id.* § 109.07(4)(c). The Wisconsin law specifies that "[a]n action under this section shall be begun within one year after the department refers the claim to the department of justice . . . or be barred." *Id.* § 109.07(4)(d). A separate provision in the Wisconsin Statutes states that "[a]n action arising under [the notice provisions of the Wisconsin Business Closing and Mass Layoff Law] is subject to the limitations under § 109.07(4)(d)." *See* Wis. Stat. § 893.97. This provision appears in the chapter of the Wisconsin Statutes that contains the state's various statutes of limitation.

The defendants argue that the one-year period specified in § 109.07(4)(d) gives employees one year from the date of a plant closing to initiate a civil action. However, that one-year period, by its terms, does not run from the date of plant closing. Rather, it runs from the date on which the Department of Workforce Development refers the plaintiff's administrative claim to the Department of Justice. This makes the state limitations period unlike most that are borrowed and applied to federal causes of action. In the usual case, the court will borrow a limitations period that runs from the date on which the plaintiff's claim accrued. The borrowed statute will usually say something like "an action for personal injury must be commenced within two years after the cause of action accrues." *See Devbrow v. Kalu*, 705 F.3d 765, 767 (7th Cir. 2013) (borrowing Ind. Code § 34-112-4). In these cases, the court will simply plug the date of accrual of the federal claim (which is determined by federal law, *id.* at 767) into the state statute to determine the limitations period for the federal claim. But here, this is not possible, as the Wisconsin business-closing law contains no limitations period for filing civil actions

4

that runs from the date on which the claim accrued. Instead, it has a limitations period for filing an administrative claim, which runs from the date of the closing or mass layoff (which would also be the date on which a federal WARN Act claim accrued), and then a separate limitations period for filing a civil action, which runs from the date of referral to the Department of Justice.[3]

The defendants contend that the Wisconsin business-closing law "contains two distinct methods for bringing a claim, an administrative option and a direct civil action option, each with its own statute of limitations." (Br. in Supp. at 5, ECF No. 11.) However, I find no support for this contention in the text of the statute. The only part of the statute that grants an aggrieved employee a civil cause of action is subsection (4)(c). That subsection allows the employee to bring a civil action only if the Department of Justice does not bring its own action on behalf of the employee within 120 days after the claim is referred to it. And the claim could not have been referred to the Department of Justice unless the plaintiff first filed an administrative claim with the Department of Workforce Development. It follows that an employee must file an administrative claim and wait for the administrative process to play out before he or she may file a civil action. The limitations period in subsection (4)(d) confirms this by having the limitations period for filing a civil action run from the date of referral to the Department of Justice rather than the date on which the business closing or mass layoff occurred.

---

[3] The defendants do not contend that the 300-day limitations period for filing an administrative claim under the Wisconsin business-closing law could be applied to the plaintiffs' WARN Act claims. Moreover, the Supreme Court has determined that limitations periods for administrative claims should not be borrowed and applied to claims that must be filed in court. *See Burnett v. Grattan*, 468 U.S. 42 (1984).

5

The separate statute of limitations in § 893.97 does not suggest that an employee may commence a civil action without first exhausting administrative remedies. Section 893.97 states that "[a]n action arising under § 109.07(3) is subject to the limitations under § 109.07(4)(d)." Section 109.07(3) identifies the remedy an employee may recover in the event of a violation of the business-closing law, and it states that the employee may recover this remedy "as provided under sub. (4)." Thus, "[a]n action arising under § 109.07(3)" must be brought in the manner specified in § 109.07(4). As just discussed, § 109.07(4) does not allow an employee to file a civil action without first exhausting administrative remedies. Moreover, because § 893.97 merely incorporates "the limitations under § 109.07(4)(d)," it too runs from the date of referral to the Department of Justice. Thus, § 893.97 does not create or imply the existence of a direct civil cause of action.

Because the limitations period in Wis. Stat. § 109.07(4)(d) runs from the conclusion of administrative proceedings, rather from the date of plant closure, it is a poor fit for a WARN Act claim. As the First Circuit has noted, a limitations period that runs from the end of an administrative process is "a horse of a vastly different hue" than a limitations period governing a direct civil action. *Rossiter v. Potter*, 357 F.3d 26, 31–32 (1st Cir. 2004). When the case begins with an administrative claim, the administrative process "takes center stage until an administrative outcome is reached." *Id.* at 32. At the conclusion of administrative proceedings, "the case is likely to be fully developed" and thus "[p]ermitting a short window of opportunity within which to file suit makes sense." *Id.* A limitations period that follows the conclusion of administrative proceedings "is actually more like a right to appeal than a statute of limitations." *Id.*

6

Moreover, "the administrative process is often lengthy and, thus, starting the limitations period from the date of injury would run the risk of allowing the expiration of the time for suit despite best efforts on the employee's part." *Id.* Further, as the Supreme Court has recognized, it takes more preparation to file a lawsuit than it does to file an administrative claim. *Burnett*, 468 U.S. at 49–52. Because of these differences, it is likely that a legislature would grant a longer limitations period to plaintiffs bringing direct civil actions than it would to plaintiffs whose civil actions come at the end of an administrative process. Accordingly, courts should not apply a limitations period governing a civil action that comes at the end of an administrative process to a civil action that may be filed in court directly.

For these reasons, I will not apply the limitations period in Wis. Stat. § 109.07(4)(d) to this case. Because the defendants have not argued that the plaintiffs' claims would be barred under any other potentially applicable limitations period, I must deny their motion to dismiss. My resolution of the motion on this ground makes it unnecessary to consider the plaintiffs' argument that I should borrow statutes of limitation from Illinois, Texas, and Georgia rather than from Wisconsin.

**IT IS ORDERED** that the defendants' motion to dismiss (ECF No. 10) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 17th day of April, 2018.

    s/Lynn Adelman_____
    LYNN ADELMAN
    District Judge

7